1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   | Wells Fargo Bank, NA, as trustee for structured | No. 2:22-cv-01030-KJM-DB |
     asset mortgage investments II Inc. Bear Stearns
12   mortgage funding trust 2006-AR2, Certificates      ORDER
     Series 2006-AR2,
13

14                        Plaintiff,

15        v.

16   Atall Sherzad and Mizhgan Alam,

17                        Defendants.

18

19        Defendants removed this unlawful detainer action, based on federal question jurisdiction.

20   For the reasons below, the court sua sponte raises the issue of subject matter jurisdiction and

21   remands this matter.

22        When a case "of which the district courts of the United States have original jurisdiction" is

23   initially brought in state court, a defendant may remove it to federal court.  28 U.S.C. § 1441(a).

24   There are two primary bases for federal subject matter jurisdiction: (1) federal question

25   jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.  Here

26   defendant only asserts federal question jurisdiction.  *See generally* Not. of Removal, ECF No. 1.

27        Under § 1331, district courts have federal question jurisdiction over "all civil actions

28   arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Under

1

1  the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the

2  plaintiff's statement of his own cause of action shows that it is based upon [federal law]."

3  *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  Federal question jurisdiction

4  cannot rest upon an actual or anticipated defense or counterclaim.  *Vaden v. Discover Bank*,

5  556 U.S. 49, 60 (2009).  A federal district court may remand a case sua sponte where a defendant

6  has not established federal jurisdiction.  *See* 28 U.S.C. § 1447(c) ("If at any time before final

7  judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

8  remanded. . . ."); *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing

9  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

10        Defendants assert that the plaintiff's complaint invokes the Protecting Tenants at

11  Foreclosure Act (PTFA), 12 U.S.C. § 5201.  Not. of Removal ¶ 7.  However, the PTFA "neither

12  explicitly nor impliedly creates a private right of action" for parties such as defendants to enforce.

13  *Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1169 (9th Cir. 2013).  And courts have held the

14  statute does not provide "a basis for federal subject matter jurisdiction."  *Deutsche Bank Nat. Tr.*

15  *Co. v. Eaddy*, No. 12-1845, 2012 WL 4173987, at *1 (N.D. Cal. Sept. 18, 2012) (citations

16  omitted); *WNT, Inc. v. Awojuola*, No. 19-216, 2019 WL 3712128, at *3 (S.D. Cal. Aug. 7, 2019)

17  (a "[d]efendant's assertion of a PTFA defense in the notice of removal does not establish federal

18  question jurisdiction under 28 U.S.C. § 1331.").  Here, the court does not have jurisdiction to hear

19  this case.

20        Thus, the court **remands this matter to state court**.

21        The Clerk of Court is directed to **close the case**.

22        IT IS SO ORDERED.

23  DATED:  June 21, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE

2